CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 30, 2013

LETTER TO COUNSEL:

    RE:    *Ikechukwu Umeadi, Jr. v. Commissioner, Social Security Administration*;
             Civil No. SAG-12-0638

Dear Counsel:

On February 28, 2012, the Plaintiff, Ikechukwu Umeadi, Jr., petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 21, 23). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Umeadi filed his claims for benefits on October 8, 2008. (Tr. 119-21). His claims were denied initially on March 31, 2009, and again on reconsideration. (Tr. 64-68, 71-74). A hearing was held on September 15, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 27-59). Following the hearing, on September 24, 2010, the ALJ determined that Mr. Umeadi was not disabled during the relevant time frame. (Tr. 10-26). The Appeals Council denied Mr. Umeadi's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Umeadi suffered from the severe impairments of depression, adjustment disorder, and degenerative disc disease of the cervical spine. (Tr. 15). Despite these impairments, the ALJ determined that Mr. Umeadi retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the additional limitation that he can do work that occasionally requires balancing, stooping, kneeling, crouching, crawling and climbing. Due to the claimant's mental impairment and pain he is limited to jobs consisting of unskilled, routine and repetitive tasks.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Umeadi could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 21-22).

On appeal, Mr. Umeadi argues that the ALJ erroneously assessed his mental RFC. I disagree.

Mr. Umeadi first contends that the limitation to "unskilled, routine and repetitive tasks" is insufficiently particular. However, the limitation in the bolded RFC heading does not encompass the ALJ's entire consideration of Mr. Umeadi's mental impairment. The ALJ summarized both psychiatric consultative examinations of Mr. Umeadi in detail. (Tr. 18-19). The ALJ also noted only three treatment notes from a psychiatrist, which indicated receipt of antidepressants but no regular appointments, even during the time Mr. Umeadi had health insurance. (Tr. 18). Finally, the ALJ noted that the only apparent impact on Mr. Umeadi's work function derived from decreased concentration. (Tr. 19). The limitation to "unskilled, routine and repetitive tasks," in conjunction with the ALJ's detailed analysis of Mr. Umeadi's mental impairments, is sufficient to withstand review.

Mr. Umeadi further submits that the ALJ failed to consider the "opinions" of the state agency physician, Dr. Edmunds. Mr Umeadi is correct that Dr. Edmunds checked several "moderate limitations" in Section I of his opinion, and that the ALJ did not include each of those limitations in the hypothetical to the VE. (Tr. 417-19). However, the relevant portion of Dr. Edmunds's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations, and need not include each of those limitations in the hypothetical to the VE. *See, e.g., Andrews v. Astrue*, Civil No. SKG-09-3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). In fact, in Section III, Dr. Edmunds opined, "The claimant retains the functional capacity to perform simple tasks on a sustained basis, from a mental standpoint." (Tr. 419). That opinion is entirely consistent with the mental RFC found by the ALJ.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 21) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 23) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge